UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------|
RANJIT SINGANAYAGAM as he is the                           |
CITY OF CAMBRIDGE'S                                        |
COMMISSIONER OF INSPECTIONAL                               |
SERVICES, and GERALD R. REARDON                            |
as he is CHIEF OF THE CITY OF                              |   No. 1:16-CV-11077-WGY
CAMBRIDGE FIRE DEPARTMENT,                                 |
Plaintiffs,                                                |
                                                           |
v.                                                         |
                                                           |
KENNETH B. KROHN,                                          |
Defendant                                                  |
Third Party Plaintiff                                      |
And Counter-Claimant                                       |
                                                           |
v.                                                         |
                                                           |
RICHARD C. ROSSI, individually                             |
and as CITY MANAGER OF THE                                 |
CITY OF CAMBRIDGE,                                         |
Third Party Defendant                                      |
                                                           |
And                                                        |
                                                           |
CITY OF CAMBRIDGE,                                         |
Cross Defendant                                            |
                                                           |
-----------------------------------------------------------|
```

**PETITIONER'S EMERGENCY MOTION TO INTERVENE**

Now comes the Petitioner, Karen Moore Krohn, who moves to intervene as of right in the above entitled matter under 28 Fed. R. Civ. P. § 24. In the event this court rejects her grounds to intervene as of right, she pleads that this court grant her permissive intervention for the reasons described herein.

As Intervener, Karen Moore Krohn also requests a short stay or continuance on the appointment and/or actions of a receiver so that she may take prompt concrete actions with regard to her personal property at the premises and with regard to the repair and/or disposition of the real property at 12 Arnold Circle.

Intervener further requests to be allowed to offer her input as to the choice of receiver, should one in fact be required after this court has brought her into the case.  It is the plan of Intervenor to resolve the remaining problems at 12 Arnold Circle rapidly, just as she was able to do with the first stage of work last Fall.

Petitioner had contemplated filing a motion to intervene in this court case this past month or so, but was under the misapprehension that this court lacks jurisdiction to entertain her motion to Intervene due to the ongoing appeal.  Only after the court's reversal of its stance, on September 20 2017, did Petitioner realize that her interests in the property had gone entirely unaddressed.  The fact is that her interests in the property at 12 Arnold Circle are currently and up until now have been entirely unprotected and are not identical to those of her husband.

Petitioner furthermore previously had reason to believe, albeit mistakenly, that her interests in the property were substantially identical to those of Defendant.  Petitioner has recently and only through these proceedings become acutely aware of significant differences in the nature of their personal interests in the property at issue;

Petitioner previously had reason to believe, albeit mistakenly, that her interests were being accommodated in a rough and approximate fashion despite her nominal outsider status in this legal case, which recent revelations to the contrary render this petition to intervene timely;

Petitioner adds that she had previously been affirmatively advised by two different Counsels for the Plaintiff, inappropriately as well as inaccurately, that she had no legal interest in the property at 12 Arnold Circle because her name was not on the deed;

Petitioner is Defendant's wife of nineteen years. Neither Defendant nor Petitioner has any children or any former spouses, and there exist no others apart from Petitioner who can claim any similar right to intervene;

The ownership of the property at issue at 12 Arnold Circle has effectively transmuted or converted to Community Property within the nineteen year marriage for reasons which Petitioner can readily demonstrate given the Massachusetts Laws on Equitable Distribution of Marital Property.

In addition to owning an interest in the real estate in question, Petitioner's own private and meaningful personal belongings, documents and furnishings remain in her home of twenty years at 12 Arnold Circle in the large areas unaffected by planned repairs, yet she apprehends that her property might nonetheless be disposed of by a Receiver;

Petitioner asserts that she has specifically been excluded from crucial dispositive moments in the instant legal proceeding, including discussion with Attorney Sterman where Petitioner was present physically yet specifically told that she had no say.

Petitioner also apprehends that there may be a change in scope of the original settlement if a receivership is imposed.  Petitioner understood and has seen documentation to the effect that Defendant had decades ago won the right in court to reserve multiple units of his own

apartment building for his own personal use, yet it appears the City is attempting to relitigate this judgment.

Petitioner also complains that Plaintiff's Counsel has specifically omitted information relevant to this Court's understanding of the situation, and thereby caused the Court to have a distorted view of the facts on the ground, despite this information having been provided to the Plaintiff's Counsel; these include the structural engineering plans created last Winter for the repairs we are eager to implement.

Defendant and Petitioner together and at tremendous expense and significant effort have rendered the property at issue safe in multiple ways, most particularly with regard to any clutter or fire hazard condition.  While I am told that Plaintiff has included some report from the Fire Department in its most recent submission, this report was apparently generated on August 7 of 2017 yet was only provided to us belatedly as a part of the City's legal submission to this court. Petitioner finds the fact that the Fire Department did not notify us of their concerns- even now, six weeks later- to cast doubt on the authenticity of their concern.  In particular, this Court may wish to know that the building, erected in 1891, was originally constructed with large central ventilation shaft, covered by a skylight.  Four windows on each of the four floors opened directly into this shaft, which measures roughly ten feet by eight feet in footprint.  While there are structural issues which we intend to address there, due to a central drain pipe from the roof, I am unclear why the ventilation shaft itself is now a concern.

Petitioner asks to be allowed to Intervene:

Whereas Plaintiff's Counsel has failed accurately to characterize the progress and current condition in the marital home at 12 Arnold Circle in large part because he specifically excluded input from Petitioner and improperly and inaccurately advised her that she has no ownership interest in the property;

Whereas Petitioner has been the primary and/or exclusive supervisor of several highly productive stages of the work demanded by the City and this case therefore cannot be fairly decided without certain information which Petitioner seeks to bring to the attention of this court, quite apart from the question of Petitioner's vested interested in the property;

Whereas the Deputy Chief of the Fire Department inspected the building at issue on the January 10 2017 and described himself as "very very impressed" by the greatly improved conditions at that time;

Whereas furthermore the Deputy Chief of the Fire Department also on January 10 2017 additionally expressed approval of the newly-installed smoke and heat alarm system which will, in the unlikely event of a fire, automatically and immediately alert emergency officials without the need for human intervention;

Whereas in fact no risk to public health will be caused by allowing Petitioner the short period of time necessary to intervene effectively in this case;

Therefore Petitioner implores this court to allow her to enter this case as Intervenor;

Whereas irreparable, devastating and irreversible harm of both a financial and an emotional nature to Petitioner are certain to be caused by the continued unwarranted exclusion of her from participation in this case or the immediate imposition of a receiver;

Petitioner seeks a stay in proceedings for a reasonable but short interval of time, of approximately one week to ten days, for the purpose of hiring an attorney to represent her since her training as a biochemist ill-prepares her to proceed *pro se* in such a life-altering case;

Petitioner ultimately anticipates that she will seek merely a modest 90 day continuance on the issue of receivership to enable her to seek loans, free up existing financial assets, or in the alternative to select the most appropriate buyer from the pool of the multiple experienced developers who have expressed interest in this very valuable property (we have received multiple offers roughly $3.5 million and higher after eager buyers have acquainted themselves with the defects of the property);

In further support for that short continuance, Petitioner points out that, having no legal expertise or experience, she cannot simultaneously enforce her legal rights while also at the same time being suddenly subjected to the dire need to immediately remove her belongings from the marital home at 12 Arnold Circle;

Parenthetically, Petitioner wishes this Court to be aware that Defendant has been so badly affected by the City's many peremptory and counter-productive actions that he had become too severely depressed to advocate fully for his own rights, still less for those of the Petitioner.

Petitioner believes this Court has not previously been made fully aware of the lack of equity with which Defendant has been treated and believes that this Court would not have countenanced the inequitable cruelty imposed upon Defendant for no public benefit had it been adequately informed of the relevant issues.  In this manner as well, Petitioner believes she can provide information lacking to this court which will enable a more equitable outcome and which will more promptly address any public health concerns which may arise from conditions at the property.

While Defendant has apparently been deemed to have signed away his rights under the Americans with Disabilities Act, Intervenor asserts that this court may have erred in countenancing this manipulative maneuver by the Plaintiff as plainly against public policy. Petitioner points out that, if this court will no longer entertain the potential for Counter-Plaintiff's (Defendant's) monetary damages under the ADA, this Court nonetheless has a persistent and unwaivable obligation to ensure that the spirit and intent of the ADA continues to inform this Court's decisions with regard to the disabled person, lest unnecessary and unwarranted cruelty be the automatic, inevitable and routine result of every single case of this nature nationwide.

Petitioner furthermore respectfully suggests that recent developments in the medical field may in fact have rendered this case one of first impression, and that this possibility has been overlooked by this Court as well as by the Plaintiff.

Barring that short continuance, Petitioner seeks this court to set aside the Settlement Agreement of September 12 2016 to the extent that it impacts on her own unrepresented interests as it did not have the benefit of her signature, consent or approval, and she furthermore questions her husband's ability to have made that decision at the time given his distraught frame of mind and absence of legal representation.

Petitioner reminds this Court that, even if contrary to fact the interests of Defendant and Petitioner were ruled to be substantially identical, Petitioner cannot properly be held to have had representation in this matter given the fact that Defendant has represented himself *pro se* and is not a member of any Bar Association.

In support Petitioner intends to provide her signed and sworn affidavit, along with multiple supporting documents which neither Plaintiff nor Defendant have provided the court but which will enable this Court to more fairly assess the proper disposition of this case. Petitioner is continuing to work on these documents at present.  Petitioner intends furthermore to seek the aid of Counsel to formulate the issues she raises herein in a more organized and efficient manner.

In the temporary absence of legal counsel to represent her properly, Petitioner humbly requests this court indulge her amateurish and rushed attempt at legal argument, and she cites precedent from the following case, quoted below:

> **"When ruling on a petition to intervene or participate, the Department may consider, among other factors, the interests of the petitioner, whether the petitioner's interests are unique and cannot be raised by any other petitioner, the scope of the proceeding, the potential effect of the petitioner's intervention on the proceeding, and the nature of the petitioner's evidence, including whether such evidence will help to elucidate the issues of the proceeding. Based on these factors, the Department may limit intervention and participation. Robinson v. Department of Public Utilities, 416 Mass. 668, 673-674 (1993); Boston Edison, 375 Mass. 1, D.P.U. 17-13 Page 7"**

Lastly, having no training in law, Petitioner humbly requests this court temporarily to overlook shortcomings in form, evidence or argument made herein until she can retain effective assistance of counsel.

Thank you.

Sincerely,
/s/ Karen M. Krohn
Karen Moore Krohn
Petitioner to Intervene
700 Huron Ave Apt 7D
Cambridge MA  02138
karenmkrohn@gmail.com
(617) 301-2826