UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANJIT SINGANAYAGAM as he is the CITY OF CAMBRIDGE'S COMMISSIONER OF INSPECTIONAL SERVICES, and GERALD R. REARDON as he is CHIEF OF THE CITY OF CAMBRIDGE FIRE DEPARTMENT,<br>                Plaintiffs<br>v.<br><br>KENNETH B. KROHN,<br>          Defendant,<br>          Third Party Plaintiff,<br>         and Cross Claimant<br>v.<br><br>RICHARD C. ROSSI, individually<br>And as City Manager,<br>Cambridge, Massachusetts,<br>              Third Party Defendant<br>and<br><br>CITY OF CAMBRIDGE,<br>              Cross Defendant | **Civil Action No.**<br>**16-CV-11077-WGY** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO FED. R. CIV. P. 19(a) AND 20 TO JOIN AS PARTIES TO THE INSTANT CIVIL ACTION BOTH THE CAMBRIDGE BOARD OF ZONING APPEAL AND CAMBRIDGE CITY SOLICITOR NANCY E. GLOWA**

Now come the Plaintiffs Ranjit Singanayagam, as he is the City of Cambridge's Commissioner of Inspectional Services ("Commissioner"), and Gerard Mahoney[1] as he is Acting Chief of the City of Cambridge Fire Department collectively the ("City"), who oppose the Defendant's Motion Pursuant to Fed. R. Civ. P. 19(a) and 20 (the "Motion") to Join as Parties to

---

[1] The City notes that Gerald R. Reardon has retired and is no longer chief of the City of Cambridge Fire Department, and that Gerard Mahoney is now the Acting Chief of the City of Cambridge Fire Department. At this time the City does not move to amend the caption to replace Gerald R. Reardon, but will refer to Gerard Mahoney in his capacity as the Acting Chief of the City of Cambridge Fire Department in the body of the pleading.

the Instant Civil Action Both the Cambridge Board of Zoning Appeal ("BZA") and the Cambridge City Solicitor Nancy E. Glowa (the "City Solicitor").

I.  FACTUAL BACKGROUND

This lawsuit was filed by the City to remedy various public safety issues at the property located at 12 Arnold Circle in Cambridge ("Property"). See City's Memorandum in Opposition to the Defendant's Motion to Enjoin Plaintiffs from Continuing Through Further Interposition of a Frivolous Legal Argument to Obstruct the Agreed Upon Sale of Defendant's Home ("10/3/18 Opposition").  The case was removed to federal court based upon various federal tort claims alleged by the owner of the Property ("Defendant"). The federal tort claims were dismissed with prejudice on June 21, 2017, and a Receiver appointed by the Court pursuant to state law.  In lieu of remediating the outstanding public safety issues at the Property, the Receiver has sought to facilitate a direct sale of the Property to developer Sean Hope ("Developer"), initially indicating that such direct sale would be the least restrictive means to remediate the numerous fire code and building code violations at the Property.

The Developer initially represented to the Receiver that he would purchase the Property by November 30, 2017,[2] then by February 6, 2018,[3] then by February 27, 2018,[4] then by May 14, 2018.[5]  After executing a Purchase and Sale Agreement for the Property on February 19, 2018,

---

[2] See Offer to Purchase, dated October 6, 2017, attached as Exhibit 2 to the Receiver's Report, dated October 23, 2017, attached to the Kawai Affidavit ("Kawai Aff.") as Exhibit )("Ex.") "A."  It should be noted that said Receiver's Report noted that the "Receiver has met with Mr. Hope to discuss the project . . . and Receiver is confident that [the Developer] understands the necessity of this project getting commenced as soon as possible . . ."

[3] See First Amendment to the Offer to Purchase Agreement, Kawai Aff., Ex. "B."

[4] See Second Amendment to the Offer to Purchase Agreement, Kawai Aff., Ex. "C."

[5] See Receiver's Status Report, Dated March 12, 2018, Kawai Aff., Ex. "D."  As noted in the Receiver's Report, the Developer wrote that there was an issue related to inclusionary housing, but that notwithstanding such issue, the Developer was "proceeding toward a closing."

the Developer emailed the Community Development Department of the City and requested an opinion as to the applicability of the inclusionary housing provisions of the Cambridge Zoning Ordinance ("CZO") as to the Property, and on March 12, 2018, the Commissioner responded that the inclusionary housing provisions would apply.  Thereafter, pursuant to G.L. c. 40A, § 8, the Developer appealed the Commissioner's determination to the BZA.  During the course of deciding the Developer's appeal, the BZA voted to request an opinion from the City Solicitor Nancy E. Glowa ("City Solicitor") as to the applicability of the inclusionary housing provisions of the CZO to the Property.  In response, the City Solicitor provided a written opinion to the BZA on July 24, 2018.[6]  The Developer then continued the hearing before the BZA twice, on July 26, 2018 and then on September 13, 2018, and requested that the next hearing before the BZA be continued until November 29, 2018.

    II.    ARGUMENT

    A. Joinder is Not Appropriate Where the Court Lacks Subject Matter Jurisdiction Over the Parties to be Joined.

Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that:

> Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The joinder of a party must arise out of the original facts of the underlying lawsuit, and both the "'transaction or occurrence' requirement and the 'common question of law or fact' requirement must be satisfied before joinder will be permitted." Don King Productions, Inc. v. Colon-Rosario, 561 F. Supp. 2d 189 (D.P.R. 2008); see also Trail Realty, Inc. v. Beckett, 462 F.2d 396, 400 (10th Cir. 1972) (holding that joinder requires that there is a "right to relief arising out of the

---

[6] See Opinion Letter from Nancy E. Glowa to the Board of Zoning Appeal, dated July 24, 2018, Kawai Aff. Ex. "E."

same transaction, occurrence, or series of transactions or occurrences . . . It does not contemplate joinder where, as here, an attempt is made to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.")

Joinder of the BZA and City Solicitor is inappropriate where the Court lacks subject matter jurisdiction over Defendant's proposed claims against the BZA and the City Solicitor. See Docket Entry # 135.  The request sought through the present Motion impermissibly seeks to enlarge the jurisdiction of this Court where all federal claims in this litigation have been dismissed with prejudice.  Defendant's proposed claims seek to introduce new questions of state and local zoning law into this proceeding in federal court, where all federal claims are dismissed with prejudice, and the only remaining issue under the terms of the settlement, entered as an order of the Court, is the state law enforcement of the public safety issues related to the Property. The Defendant cannot use joinder of parties to enlarge the jurisdiction of the federal court. See, e.g., Mitchell v. Delaware & H.R. Corp., 15 F.R.D. 187, 188 (N.D.N.Y. 1953) ("it is elemental that such procedural rule cannot enlarge the jurisdiction of the court"); Pearce v. Pennsylvania R. Co., 7 F.R.D. 420 (D. Pa. 1946), aff'd 162 F.2d 524, cert. denied 332 U.S. 765.  There must be an independent jurisdictional ground to support a joinder of a third party. See, e.g. Sullivan v. U.S., 120 F. Supp. 217, 217-18 (N.D. Ill. 1954)("Even if Federal Rule 20, 28 U.S.C.A., which governs joinder of parties defendant, were operative in suits brought under the Tort Claims Act . . . a plaintiff must allege independent jurisdictional grounds to support his claim against a private tort-feasor," see also Fed. R. Civ. P., Rule 82 ("These rules do not extend or limit the jurisdiction of the district courts . . .").

On this basis alone, the Defendant's Motion must be denied.

B.  Defendant's Request to Join the Board of Zoning Appeal to This Action is Inappropriate

The Defendant's request to add the BZA as a party and to preempt the BZA's decision prior to the BZA having the opportunity to make such decision, subverts the entire procedural framework established by state statute, and contravenes state appellate court precedent, in a local zoning matter not subject to federal preemption based upon any theory. The Defendant asks this Court, after having dismissed all the federal tort claims and federal issues in this action, to go beyond the procedural jurisdiction of the federal courts, and to subvert the state law process in direct contravention of the requirement that a federal court follow state substantive law in exercising supplemental jurisdiction  See, e.g., Barton v. Clancy, 732 F.3d 9, 17 (1st Cir. 2011)("A federal court . . . as here, exercising supplemental jurisdiction over a state law claim must apply state substantive law.").  Federal courts must avoid deciding unresolved issues of state or local law, particularly where there is separate action already pending in an administrative proceeding relating to the proper interpretation of the local zoning ordinance at issue.  See, e.g., Currie v. Group Ins. Com'n, 290 F.3d 1, 11–12 (1st Cir.2002); Ford Motor Co. v. Meredith Motor Co., Inc., 257 F.3d 67, 71 (1st Cir.2001).

Defendant also argues that he is not bringing a "claim" but requesting a declaratory judgment, which, he argues, does not require subject matter jurisdiction.  Such is not the case. See, e.g., Callagy v. Town of Aquinnah, 880 F. Supp. 2d. 244 (D. Mass. 2012) (holding that where a plaintiff requested declaratory judgment in federal court, but where the federal declaratory relief was dismissed, the declaratory relief requested for the state law issues should be dismissed for lack of supplemental jurisdiction); see also Deep v. Boies, 493 F. Supp. 2d 88 (D. Me. 2007)(holding that seeking relief under the Declaratory Judgment Act 'does not furnish federal jurisdiction for" state law claims) (citing Buck v. American Airlines, Inc., 476 F.3d 29

(1st Cir. 2007)). Thus, with or without adding the BZA as a party, the Court lacks jurisdiction to make a ruling as to the zoning action currently before the BZA.

        C.        <u>Defendant's Request to Join the City Solicitor as a Party is Inappropriate</u>

The Defendant's request to add the City Solicitor, from whom the BZA voted at a public hearing to request an opinion, to overrule the opinion of the City Solicitor or to enjoin a future opinion by the City Solicitor related to the matter before the BZA, is unsupported by any law. Defendant does not, and cannot, cite to any legal theory in which an attorney can be brought into an unrelated matter to be compelled to change a legal opinion to such attorney's client, in order to influence the decision of a public board. Such an action would be unprecedented.

Further, as explained in the 10/3/18 Opposition, the matter before the BZA is entirely a state and local law matter, and the City Solicitor's opinion was submitted to her client the BZA, which is the body charged with interpretation of a local ordinance, over which this Court lacks jurisdiction. In addition, the City Solicitor's opinion to the BZA did not "derive from a common nucleus of operative fact" as the Defendant's federal tort claims. <u>Allstate Interiors & Exteriors, Inc. v. Stonestreet Construction, LLC</u>, 730 F.3d 67, 72 (1st Cir. 2013). The federal tort claims were "dismissed with prejudice" by this Court over a year prior to the City Solicitor's submission of the requested legal opinion to the BZA and as such, this Court lacks jurisdiction to add the City Solicitor as a party to this action. <u>See, e.g.</u>, 28 U.S.C. §1367(a).

        III.       <u>CONCLUSION</u>

The Defendant cannot establish that joinder is appropriate as the Defendant inappropriately attempts to "incorporate into an existing action a different action against different parties" under "entirely different factual and legal issues." <u>Trail Realty, Inc.</u>, 462 F.2d at 400. As explained in the 10/3/18 Opposition, this Court lacks jurisdiction to hear any matters related to

the BZA and the request to add parties unnecessarily subverts state law, in violation of federal court requirements for hearing any state or local matters. The Defendant's arguments to join the City Solicitor are even more attenuated and are not based on any recognized legal theory. Based upon the foregoing, the City respectfully requests that the Court deny the Defendant's Motion in its entirety.

    Plaintiffs RANJIT SINGANAYAGAM as he is the CITY OF CAMBRIDGE'S COMMISSIONER OF INSPECTIONAL SERVICES, AND GERALD R. REARDON as he is CHIEF OF THE CITY OF CAMBRIDGE FIRE DEPARTMENT

    By their attorney,

    /s/ Paul S. Kawai
    Paul S. Kawai, BBO# 662168
    Cambridge Law Department
    Cambridge City Hall
    795 Massachusetts Avenue
    Cambridge, MA 02139
    pkawai@cambridgema.gov
    (617) 349-4121

DATED:   October 19, 2018

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants on October 19, 2018.

    /s/ Paul S. Kawai
    Paul Kawai
    Assistant City Solicitor